PER CURIAM.
Appellant appeals an order from the dependency court placing his five children in permanent guardianship with their paternal aunt and terminating Department of Children and Families supervision. He argues that the court erred in denying his request for reunification. We agree and reverse.
During the hearing on Appellant’s motion for reunification, Appellee acknowledged that Appellant had complied with his case plan and that it had no evidence to support its position that reunification would jeopardize the children. Nevertheless, the lower court denied reunification with Appellant without evidence to support its finding. In doing so, it improperly relied solely on issues existing at the time the dependency case was initiated, without regard to Appellant’s progress in overcoming those issues. C.D. v. Dep’t of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). The lower court also improperly relied upon a failed prior reunification attempt. The record indicates that the children previously were reunified with both their parents and were subsequently removed because of the mother’s actions. Appellant and the children’s mother are no longer together. In fact, the mother had relocated to Georgia at the time of the hearing. In the absence of substantial, competent evidence to support the conclusions of the trial judge, we are constrained to reverse.
*1278 Accordingly, we reverse and remand the challenged orders with instruction that the trial court grant Appellant’s motion for reunification.
REVERSED AND REMANDED.
ORFINGER, C.J., TORPY and LAWSON, JJ., concur.